### MORELOS v. MILDE.
### No. 8661.

Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1931.

Rehearing Denied Nov. 18, 1931.

Seabury, George & Taylor, of Brownsville, for appellant.

Abney & Whitelaw, of Brownsville, and King, Wood & Morrow, of Houston, for appellee.

FLY, C. J.

This is a suit for damages arising from personal injuries inflicted in an automobile collision. Appellee filed a cross-action, but withdrew it, and, upon his motion, the court instructed a verdict for appellee.

Appellant swore that he was traveling along the paved main highway between Brownsville and Point Isabel; that at a certain point he saw a man in an automobile approaching on an unpaved dirt road. He blew his horn and approached the intersection, and attempted to pass, but appellee ran his car into him. He was badly injured. Appellant swore, and he was supported by a reluctant sheriff, that it was the custom for automobile drivers approaching a main thoroughfare on an unpaved road to give the right of way to drivers on the main highway. Appellant swore that he did all in his power to prevent the collision. These facts in the light of an instructed verdict.

■ The statute, Pen. Code 1925, § 801, must be given a reasonable construction in its requirement that in approaching the intersection of two roads the person approaching from the right hand must be given the right of way. We cannot suppose that the Legislature intended to prescribe the stream of traffic on a main road of a county should be interrupted by every passing vehicle from the right, on cowpaths or unworked neighborhood roads, regardless of who approaches the intersection first. According to the testimony of appellant, he saw the approaching car when some distance off and sounded his horn, but no attention was paid to the signal. The statute never intended that a car on a main paved highway should be stopped until all cars in sight could cross the main road.

■■ It was also a question of fact as to whether the violation, if any, of the statute was the proximate cause of the disaster to the colliding cars. Appellant may have violated the law of the highway, but, if such violation was not the proximate cause of the collision, appellant could recover his damages, if the negligence of appellee caused the collision. The violation of a law does not outlaw

134

the man traveling on a highway, and he cannot be injured or killed with impunity because of such violation.

. This is a case for a jury, and it was error for the court to take the case away from the jury. The issue of proximate cause is one for a jury, even though the injured party had violated the law. It would have been proper to instruct the jury, if the facts supported a violation of law, that such violation would preclude a recovery if the same was the proximate cause of the accident. 5 Tex. Jur. § 93, p. 689, and cases cited therein.

The judgment will be reversed, and the cause remanded.